No. 17,067.

LAWSON *v*. LAWSON.
(261 P. [2d] 167)

Decided September 14, 1953.

Mr. STEVENS PARK KINNEY, for plaintiff in error.

No appearance for defendant in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

SHIRLEY ALICE STOEFFLER LAWSON, a resident of Denver throughout her entire life, on May 18, 1951, went to Fortville, Indiana for the sole purpose of marrying defendant in error, Alex Robert Lawson, who was there stationed in the military service. On her immediate return trip to Denver, her husband took her by way of Dayton and from there to Kansas City, where she took air passage to Denver. Her husband has lived in St. Joseph, Missouri, and the evidence shows he did not accept her as his wife by the way of making, or attempting to make, nor did he have any thought of making, a domicile for her. On May 19, 1952, she filed a complaint in divorce in Denver district court, alleging mental cruelty and her residence in the state for more than one year prior to the commencement of the action. After default on the part of defendant, counsel was assigned to represent the nonappearing defendant, who produced and offered in evidence a letter from an attorney of St. Joseph, Missouri, who had been counsel for defendant in other matters, stating that defendant did not desire to contest the action.

The matter came on for hearing during the summer vacation when the Honorable Edward C. Day was presiding and hearing matters for all of the district court divisions. During the hearing the court seemed to question the sufficiency of the showing of residence, taking the position generally that plaintiff had lost her residence in Denver by leaving the state and marrying defendant in another state; that the domicile of plaintiff was that of her husband; that she should wait for one year after her return to Denver before filing action for divorce; and without finally determining the matter then, the court continued the case more or less indefinitely for further presentation of authorities and argument. After Judge Day ended his vacation term of serving and the Honorable Henry S. Lindsley was presiding, the matter was called up, testimony submitted, and Judge Lindsley entered an interlocutory decree of

divorce. Upon the return of Judge Day to usual court duties, he was informed that the interlocutory decree had been entered, and upon showing of the circumstances, Judge Lindsley set aside the interlocutory decree and directed that the matter be transferred to the division over which Judge Day was presiding. Following further proceedings, Judge Day on the 16th day of December, after concluding that the court had no jurisdiction by reason of the failure of plaintiff to establish residence of one year next prior to the action, dismissed the complaint. We are asked to reverse this judgment of dismissal.

We have read the testimony introduced in the case on all issues involved. On the face of the complaint and the record, one year's residence was not established if it be assumed that plaintiff lost her Colorado residence by going into another state for marriage. There is no appearance for defendant in error before any court involved or in this court, therefore the question of domicile has not been presented except by plaintiff in error, and we are not inclined to make research on this matter which presents a serious and debatable question under the circumstances here involved. There is an intimation in the brief of plaintiff in error of facts which, had they been fairly and frankly disclosed to the trial court, might have provided a reason for a different ruling.

We see no error in the actions of Judge Day in requesting that the interlocutory decree entered by Judge Lindsley be vacated and the matter transferred back to his division, because, in fact, it was actually pending before Judge Day who had directed that briefs be submitted to *him* in the matter. So far as the best interests of plaintiff are concerned, if the time consumed in presenting this writ of error had been used to allow the running of the period by filing another complaint, after a full year's residence had been established after plaintiff's return to Colorado, plaintiff would no doubt have had a perfectly good and valid interlocutory decree

of divorce long before the date of this decision. Plaintiff has not been injured except in the point of delay in obtaining a divorce, which may now be done, or could have been done prior to this time without embarrassment. Accordingly, the judgment is affirmed.